

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MONDEZ HAIRE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **2:13-CV-00701-AKK** |
| **SPRINT COMMUMNICATIONS CO.,** | ) | |
| **L.P.,  a corporation, and DIVERSIFIED** | ) | |
| **CONSULTANTS, INC., a corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT SPRINT SPECTRUM L.P.'S REPLY TO PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

COMES NOW Defendant Sprint Spectrum L.P. ("Sprint"), incorrectly identified to this point as Sprint Communications Co., L.P., and submits this reply to Plaintiff Mondez Haire's ("Plaintiff") response and opposition [doc. 53] to Defendants' motions for summary judgment [docs. 40-42].  The parties' cross-briefs reveal no genuine issue of material fact.  Pursuant to Fed. R. Civ. P. 56, the Court should deny Plaintiff's motion for partial summary judgment and grant Sprint's motion for full summary judgment, dismissing Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*,[1] and Alabama state law.

## RESPONSE TO STATEMENT OF FACTS

In addition to Sprint's response to Plaintiff's statement of facts and its legal argument set forth below, Sprint incorporates Defendant Diversified Consultants, Inc.'s ("DCI") reply [doc. 58] as if set forth fully herein.  Sprint responds to Plaintiff's statement of facts as follows:

2.     There is no evidence Sprint had any telephone communications whatsoever with Plaintiff, much less ones that purportedly violated the TCPA. Plaintiff testified he has no recollection of having any communications whatsoever with Sprint, at any time and regarding any Sprint account.  *See* Haire Dep., p. 80.

## ARGUMENT

### A.     Prior Express Consent

Plaintiff argues Sprint failed to establish prior express consent because it did not produce a signed agreement from Plaintiff or any audio recordings evidencing Plaintiff's consent and therefore failed to meet Sprint's burden in showing it obtained Plaintiff's prior express consent to "robo-dial" his cell phone or deliver so-called "robo-messages" to it.  Response, pp. 5-10.  First, again, the record is devoid of any evidence whatsoever that Sprint made any calls to Plaintiff's cell

---

[1] Plaintiff concedes that "[g]iven the now available evidence," his FDCPA claim against Sprint is due to be dismissed as a matter of law.  Response, pp. 21-22.

phone or delivered any messages to it, including so-called "robo"-calls or "robo"-messages.

Second, the Eleventh Circuit recently clarified that the "appropriate analysis [for determining prior express consent] turns on whether the called party granted *permission or authorization*, not on whether the creditor received the number directly." *Mais v. Gulf Coast Collection Bureau, Inc.*, 2014 WL 4802457, *11 (11th Cir. 2014) (emphasis added). Here, whether Plaintiff took pen to paper and *signed* a cell phone contract with Sprint is immaterial, and Plaintiff cites to no case law requiring a document signed by him or an audio recording to establish prior express consent. The Subscriber Agreement applicable to the 5499 account[2] provides "[y]ou agree to all of our Policies when you use our Services. . . . You accept the Agreement when you do any of the following: . . . (c) attempt to or in any way use the Services. . . . If you don't want to accept the Agreement, don't do any of these things." Ex. A-2 to Christopher Hansen Aff. at SPRINT 000297.

## B.    Vicarious Liability under the TCPA

---

[2] Plaintiff argues Sprint's 30(b)(6) representative, Christopher Hansen, had insufficient knowledge of the terms and conditions relating to the *Boost account*— "the only document that was introduced in this case to demonstrate prior express consent to robo-dial. . . ." Response, p. 10. The Boost terms and conditions, however, are wholly irrelevant to this matter. The Boost account is not the account which Sprint referred to DCI for collections, and Sprint does not contend the Boost terms and conditions provide prior express consent vis-à-vis the 5499 account.

Plaintiff argues that "[o]n September 29, 2014, the 11th Circuit held that the FCC's 2008 Order holding a creditor liable for the calls made by its debt collector is due deference by the Court and is not open to scrutiny in this case."  Response, p. 22.  Plaintiff provides no citation to *Mais v. Gulf Coast Collection Bureau, Inc.*, 2014 WL 4802457 (11th Cir. Sep. 29, 2014), for such proposition, in all likelihood because the Eleventh Circuit did not address the district court's grant of summary judgment to the creditors in that case, Sheridan and Florida United, and therefore did not "hold" that the issue of vicarious liability is "not open to scrutiny" here. While the Court determined "[t]he district court exceeded its jurisdiction by declaring the 2008 FCC Ruling to be inconsistent with the TCPA," nowhere in its opinion did the Eleventh Circuit address the vicarious liability issue which the creditors had successfully argued below or, more important, conclude that the law in the Eleventh Circuit is that creditors are vicariously liable for collectors' collection calls, assuming such calls violate the TCPA.

Further, the Eleventh Circuit did not address the creditors' argument below, and Sprint's argument here, that § 227(b)(1)(A), by its plain language, makes it unlawful for anyone "to ***make*** any call," without consent, to a cell phone, using an automatic telephone dialing system or an artificial or prerecorded voice, whereas § 227(c)(5), which concerns violations of the "Do Not Call" Registry, imposes liability for multiple calls made "by ***or on behalf of***" a party.  *Id.* (comparing 47

U.S.C. § 227(b)(1)(A) with 47 U.S.C. § 227(c)(5)).  The choice and placement of language in the different statutory provisions indicates that Congress intended to allow for "on behalf of," or vicarious, liability in § 227(c)(5), but not in § 227(b)(1)(A).  *Id.* at 1241-42.

The district court in *Mais* reasoned that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  *Id.* at 1242 (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983); citing *United States v. Gonzales*, 520 U.S. 1, 5, 117 S. Ct. 1032, 137 L. Ed. 2d 132 (1997)).  Citing the stark difference in language between the two sections of the statute, the court in *Mais* noted that other district courts have held there is no "on behalf of" liability for defendants under § 227(b). *Id.* (citing *Mey v. Pinnacle Sec., LLC*, 2012 WL 4009718, at *3–*4 (N.D. W.Va. 2012); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012)).  Plaintiff's attempt to visit TCPA liability on Sprint should not be countenanced by the Court, as Congress did not intend vicarious liability of creditors for a collector's alleged TCPA violation.

## C.   Even Assuming Vicarious Liability Were the Law in the Eleventh Circuit, Plaintiff's TCPA Claim against Sprint Fails.

Even assuming this Court determines the 2008 FCC ruling is entitled to deference on the vicarious liability question under § 227(b)(1)(A) and under the two-part framework announced in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778, 81 L.Ed.2d 694 (1984), Plaintiff's TCPA claim against Sprint fails for the following reasons:

First, Plaintiff consented to calls from Sprint's collection agent DCI by agreeing to the terms and conditions set forth in the Subscriber Agreement applicable to the 5499 account.  Contrary to Plaintiff's allegations, the Subscriber Agreement, coupled with use of the cell phone associated with the subject account, constitutes written consent under the TCPA.   Furthermore, the Subscriber Agreement is not ambiguous and will not lead to unlimited calls.  Not only must any contact with Plaintiff pertain to "account related matters," Plaintiff had the ability at any time to revoke consent, of which there is no credible evidence here other than Plaintiff's self-serving deposition testimony.  *See Duffey v. Pope*, 2012 WL 4442753, *5 (S.D. Ohio 2012) (citing *Miller v. Javitch, Block & Rathbone, LLP*, 534 F. Supp. 2d 772, 777 (S.D. Ohio 2008) ("the Court does not find that this testimony alone, without more evidence, supports that a genuine issue of fact exists") (in turn citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1061–62 (7th Cir. 2000) (holding that a plaintiff's self-serving deposition testimony was not enough for her FDCPA claim to survive summary judgment))).

Plaintiff did not revoke consent or tell DCI to stop calling.  His self-serving testimony on the issue cannot overcome a call recording that directly refutes his allegation that he told DCI on June 21, 2012, to stop calling.  Plaintiff has not presented sufficient evidence to support his contention that he told DCI to stop calling, nor could he.  The record is clear and there are no genuine issues of material fact.  Accordingly, Plaintiff's TCPA claim should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Sprint Spectrum L.P. respectfully requests that the Court deny Plaintiff's motion for partial summary judgment and grant Sprint's motion for full summary judgment, dismissing Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Alabama state law.

Dated:  October 28, 2014

Respectfully submitted,

/s/ L. Jackson Young, Jr.
L. Jackson Young, Jr. (ASB-7946-G65L)
*Attorney for Defendants Sprint Spectrum L.P. and Diversified Consultants, Inc.*

**OF COUNSEL:**
FERGUSON FROST MOORE & YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242

(205) 879.8722 (telephone)
(205) 879.8831 (telecopier)
ljy@ffmylaw.com (email)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 28, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Brian L. Spellen, Esq.
The Trinity Law Group, LLC
1933 Richard Arrington, Jr. Boulevard South
Suite 223
Birmingham, Alabama 35209
brian@thetrinitylawgroup.com
*Attorney for Plaintiff*

Peter F. Barry, Esq.
Barry & Helwig, LLC
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414-3236
pbarry@lawpoint.com
*Attorney for Plaintiff*

Bryan C. Shartle, Esq.
Michael Alltmont, Esq.
Sessions, Fishman, Nathan & Israel, L.L.C.
3850 North Causeway Boulevard, Suite 200
Metairie, Louisiana 70002-7227
bshartle@sessions-law.biz
malltmont@sessions-law.biz

<u>/s/ L. Jackson Young, Jr.</u>
Of Counsel
